# In the United States Court of Federal Claims

(Pro Se)

No. #18-1665C

(Filed: September 16, 2019 | Not for Publication)

|  |  |  |
|---|---|---|
| BAHIG F. BISHAY, | ) | |
| | ) | |
| | ) | Keywords: I.R.C. § 6672; Token |
| Plaintiff, | ) | Payment; Tax Refund; Motion to Dismiss; |
| | ) | Subject-Matter Jurisdiction; Pro Se |
| v. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | *Received - USCFC* |
| | ) | |
| Defendant. | ) | **SEP 16 2019** |
| | ) | |
| | ) | |

*Bahig F. Bishay*, Norwood, MA, pro se.

*Courtney M. Hutson*, Trial Attorney, U.S. Department of Justice, Tax Division, Court of Federal Claims Section, Washington, D.C., with whom were *Richard E. Zuckerman*, Principal Deputy Assistant General and *David I. Pincus*, Chief, Court of Federal Claims Section, for Defendant.

## OPINION AND ORDER

**KAPLAN, Judge.**

Presently before the Court are Plaintiff Bahig Bishay's motion for leave to proceed in forma pauperis, Docket No. 4, and the government's motion to dismiss pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"), Def.'s Mot. to Dismiss ("Def's. Mot.") at 1, Docket No. 23. For the reasons that follow, Plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**. The government's motion to dismiss is likewise **GRANTED** and Plaintiff's complaint is **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

## DISCUSSION

### I.    Motion for Leave to Proceed In Forma Pauperis

Mr. Bishay requests that the Court allow him to proceed in forma pauperis. Pursuant to 28 U.S.C. § 1915(a)(1), "any court of the United States may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees

or give security therefor."[1] A plaintiff does not have to "be absolutely destitute to enjoy the benefit of the statute." Adkins v. E.I. DuPont De Nemours & Co., 335 U.S. 331, 339 (1948). An affidavit that demonstrates that a plaintiff is unable to pay the fee or give security and still provide for himself and any dependents is sufficient. See id.; Waltner v. United States, 93 Fed. Cl. 139, 143 (2010) (stating that the question is whether "paying such fees would constitute a serious hardship on the plaintiff").

Mr. Bishay states in his application that he currently has $1,200 in cash or bank accounts. Pl.'s Appl. To Proceed In Forma Pauperis at 2, Docket No. 4. He is currently unemployed and receives Social Security benefits in the amount of "$1,420/mo." Id. at 2. Under these circumstances, Mr. Bishay has sufficiently demonstrated that he is unable to pay the court's filing fee. His application to proceed in forma pauperis is therefore **GRANTED**.

## II.    Background

Plaintiff Bahig Bishay, appearing pro se, filed a complaint in this court on October 17, 2018, alleging that the Internal Revenue Service ("the IRS") "arbitrarily, maliciously, and unjustly," recorded a tax lien against him in the amount of $41,612.40. Compl. ¶¶ 2, 5, Docket No. 1. He contends that the lien was based on an inaccurate allegation by the IRS that Commonwealth Auto Company, Inc. ("Commonwealth Auto"), a company for which he had once been the president and sole shareholder, had failed to collect, account for, and pay over certain payroll taxes for the first two quarters of 2002. Id. ¶ 2. Mr. Bishay challenges the IRS's determinations that Commonwealth Auto—which subsequently filed for bankruptcy—never paid over the taxes and/or that he bears responsibility for their payment. Id.

The IRS assessed a penalty against Mr. Bishay on February 5, 2007 in accordance with I.R.C. § 6672. Def.'s Mot. Ex. 1, at 1 (IRS transcript for Bahig Bishay indicating that an I.R.C. trust fund recovery penalty was assessed February 5, 2007); see also Compl. Ex. 1, at 31–36 (CP15B notices informing Mr. Bishay that penalty was assessed for tax periods ending March 31 and June 30, 2002).[2] The lien at issue was recorded on August 29, 2013. Compl. Ex. 1, at 37 (notice of federal tax lien). In its February 5, 2007 notices, the IRS advised Mr. Bishay of his right to file a suit for a refund. Id. at 31, 34. The notices instructed him that, to do so, he must

---

[1] For purposes of 28 U.S.C. § 1915, the Court of Federal Claims is a court of the United States. 28 U.S.C. § 2503(d).

[2] I.R.C. § 6672(a) provides that a person is subject to a 100% tax penalty if he "willfully fails to collect[], or truthfully account for and pay over[], or willfully attempts in any manner to evade or defeat" such tax which he is "required to collect, truthfully account for, and pay over." See also Godfrey v. United States, 748 F.2d 1568, 1573–74 (Fed. Cir. 1984) (discussing the elements of a penalty under I.R.C. § 6672). In other words, the statute imposes personal liability on officers or employees of a company who are responsible for collecting federal income and social security taxes withheld from employees' paychecks. See Def.'s Mot. at 2. The government refers to this penalty as a "trust fund recovery penalty." Id.

"pay the withheld tax for one employee for one quarter of liability" and also must "file a claim for refund on Form 843 . . . for the amount paid by March 7, 2007." Id.[3]

The IRS's instruction that Mr. Bishay must pay the withheld tax for one employee for one quarter of liability stems from the requirement that, to invoke this Court's jurisdiction in a tax refund suit, a plaintiff must comply with the "full payment rule"—i.e., he must demonstrate that the principal tax deficiency was paid in full. See Shore v. United States, 9 F.3d 1524, 1526–27 (Fed. Cir. 1993); Jackson v. United States, 143 Fed. Cl. 242, 246 (2019). Where, as here, the tax in question involves a § 6672 penalty, the plaintiff can satisfy the full payment rule by paying the "IRS an amount equal to one employee's withholding for one quarter." Vir v. United States, 125 Fed. Cl. 293, 301 (2016) (citing Godfrey v. United States, 748 F.2d 1568, 1573 (Fed. Cir. 1984)).

Mr. Bishay alleges in his complaint that in July 2015 he made a "token" payment to the IRS "pursuant to the federal authority explained in Weber v. Commissioner, 138 T.C. 348, 363 n. 12 (2012)." Compl. ¶¶ 7, 24; see also Compl. Ex. 1, at 44 (letter dated July 23, 2015 from Mr. Bishay to the IRS noting that "appended herewith [are] two re-dated 843 Forms, together with 'token' payment in the sum of $100.00 U.S. Dollars"). The referenced footnote in the Weber decision states that "a taxpayer may litigate the penalty after having paid an amount corresponding to the tax withheld from a single employee." 138 T.C. at 363 n.12. The IRS's certified transcript for Mr. Bishay's account reveals that he made a $100 payment toward his trust fund penalty liability on August 7, 2015. Def.'s Mot. for a More Definite Statement, Ex. 1, at 2, Docket No. 20.

The government filed a motion for a more definite statement on May 24, 2019 asking Mr. Bishay to put forth facts to show that the $100 payment was equivalent to the tax due for one employee for one quarter of liability. The government observed that certain payroll records provided as exhibits to the complaint cast doubt upon whether the $100 payment would be enough to cover withholding for any single employee for a quarter. See Def's Mot. at 9–11. Though the Court denied the government's motion for a more definite statement, it cautioned that "Mr. Bishay [would] be required to produce evidence sufficient to establish that the $100

---

[3] Mr. Bishay was also notified of this requirement in a memorandum opinion issued by the United States Tax Court in 2015. See Bishay v. Comm'r of Internal Revenue, 109 T.C.M. (CCH) 1543, 2015 WL 3505310, at *6 n.9 (June 4, 2015). After unsuccessfully challenging the IRS's assessment of the § 6672 penalty, Mr. Bishay timely filed suit in the Tax Court. Id. at *2–3. In that case, Mr. Bishay alleged that he was not liable for the trust fund recovery penalties because of the appointment of a bankruptcy trustee in June 2002. Id. at *2. He further alleged that he was not liable for the § 6672 penalty because the IRS should have—and failed to—pursue the taxes from the bankruptcy estate. Id. at *3. The Tax Court granted the IRS's motion for summary judgment, finding that the IRS did not abuse its discretion by issuing a notice of federal tax lien to recover the § 6672 penalty from Mr. Bishay. Id. at *8. In its opinion, the Tax Court informed Mr. Bishay that a "taxpayer whose liability is upheld in the Letter 1153 proceeding can make a small 'token' payment towards the section 6672 penalty, file a refund claim with the IRS, and, if the refund claim is denied, file a refund suit in Federal District Court or the Court of Federal Claims." Id. at *6 n.9.

payment he allegedly made to the IRS is equivalent to the tax due for one employee for one quarter of liability." Order at 4, Docket No. 22. The government filed its motion to dismiss for lack of subject-matter jurisdiction on June 24, 2019.

## II.    The Government's Motion to Dismiss

In considering a motion to dismiss for lack of subject-matter jurisdiction, the Court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The Court may, however, "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). It is well-established that complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Harris v. United States, 113 Fed. Cl. 290, 292 (2013).

The Tucker Act grants the United States Court of Federal Claims jurisdiction over "any claim against the United States founded . . . upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1). It serves as a waiver of sovereign immunity and a jurisdictional grant, but it does not create a substantive cause of action. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). A plaintiff, therefore, must establish that "a separate source of substantive law . . . creates the right to money damages." Id. (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)); Rick's Mushroom Serv., Inc., 521 F.3d at 1343 ("[P]laintiff must look beyond the Tucker Act to identify a substantive source of law that creates the right to recovery of money damages against the United States.") (citation omitted).

In regards to tax disputes, the Court's jurisdiction is generally limited to tax refund suits. See 28 U.S.C. § 1346(a)(1) (granting the Court of Federal Claims concurrent jurisdiction with federal district courts over "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws"); Cheesecake Factory, Inc. v. United States, 111 Fed. Cl. 686, 690 (2013) (citing 28 U.S.C. § 1346(a)(1)); Riggle v. United States, 131 F. App'x. 273, 274 (Fed. Cir. 2005) (unpublished) (citing, inter alia, Shore, 9 F.3d at 1526).

In order to meet this court's jurisdictional requirements in a tax refund suit, a plaintiff must: 1) satisfy the full payment rule; 2) timely file a tax refund claim with the IRS; and 3) provide the amount, date, and place of each payment to be refunded, along with a copy of the refund claim. Fry v. United States, 72 Fed. Cl. 500, 510 (2006). To satisfy the full payment rule in regards to an I.R.C. § 6672 penalty, a taxpayer must pay the amount of the assessment attributable to one employee's withholding. Vir, 125 Fed. Cl. at 300 (quoting Boynton v. United States, 566 F.2d 50, 52 (9th Cir. 1977)). The rationale for this is that "[§] 6672 assessments represent a cumulation of separable assessments for each employee from whom taxes were withheld." Boynton, 566 F.2d at 52. Thus, "courts have permitted [§] 6672 refund cases to

proceed when the taxpayer prepaid the IRS an amount equal to one employee's withholding for one quarter." Vir, 125 Fed. Cl. at 301 (citing Godfrey, 748 F.2d at 1573).

The government argues that the Court lacks subject-matter jurisdiction because Mr. Bishay has "alleged no facts that suggest [his] $100 [payment] equals the withholding for one employee for one quarter" and has "failed to produce any documents . . . to support the notion that $100 was sufficient to cover the withholding for one employee." Def's Mot. at 9. It further contends that Mr. Bishay's $100 payment "was less than one third of the amount of the smallest federal withholding for the three quarters ending September 30, 2002, for one employee" and that the smallest withholding for one employee for the three quarters ending September 30, 2002 was $406.60 (see Compl. Ex. 1, at 15)—one third of which would be $135.53. Def.'s Mot. at 9–10. The government states that this suggests the $100 payment was not enough to cover the withholding for any single employee for both quarters at issue here. Id. at 10.

Mr. Bishay has not supplied facts to challenge the government's assertions. Instead, Mr. Bishay presents an affidavit attesting to the fact that he was Commonwealth Auto's lowest paid employee, having received $0 dollars per hour from September 1999 through June 2002. Aff. of Bahig Bishay at ¶¶ 1–2, Docket No. 26-1. Therefore, in his view, the $100 token payment is equivalent to more than his withholding for at least one quarter. Pl.'s Resp. to Def.'s Mot. to Dismiss at 9–10, Docket No. 26.

Mr. Bishay's assertion, even if true, fails to qualify as a "token payment." The exception to the full-payment rule states that "a taxpayer assessed under section 6672 need only pay the divisible amount of the penalty assessment attributable to a single individual's withholding before instituting a refund action." Roseman v. United States, No. 09-539T, 2013 WL 151716, at *1 (Fed. Cl. Jan. 3, 2013) (citing Boynton, 566 F.2d at 52) (emphasis supplied). If the Court accepts Mr. Bishay's statement that he did not receive a salary during the relevant time periods as true, that means he did not owe any tax for that period and so none would have been withheld. Thus, this zero dollars could not serve as a "divisible amount of the penalty assessment attributable to a single individual's withholding." Id. Because Mr. Bishay has failed to establish that his $100 payment was attributable to one employee's withholding for one quarter, he has failed to demonstrate that the Court possesses subject-matter jurisdiction over his tax refund claim.

Likewise, the Court does not have jurisdiction over his remaining claims. First, Mr. Bishay asks for declaratory judgment that: 1) he does not owe the government any money; 2) the government was not entitled to record a federal tax lien against him; 3) the government failed to make a showing that Mr. Bishay exercised control over the payment of taxes owed; and 4) the government was barred by the statute of limitations from recording a federal tax lien against him. Compl. at 5, ¶¶ 1–4. However, "this Court may not grant declaratory relief if such relief is the primary focus of the plaintiff's suit." Rice v. United States, 31 Fed.Cl. 156, 164 (1994), aff'd, 48 F.3d 1236 (Fed. Cir. 1995). Thus, the Court finds that Mr. Bishay's claims requesting declaratory judgment are beyond the scope of its jurisdiction.

Although the Court of Federal Claims has concurrent jurisdiction with United States district courts over tax refund suits, this jurisdiction does not extend to cases challenging the validity of tax liens. See 28 U.S.C. § 1346(a)(1); George v. United States, No. 99-347T, 1999

WL 1211626, at *1 (Fed. Cl. May 28, 1999). Congress reserved tax lien challenges for federal district and state courts. See 28 U.S.C. § 2410(a) ("[T]he United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter . . . to quiet title to . . . real or personal property on which the United States has or claims a mortgage or other lien.") (emphasis added). Additionally, the Court lacks jurisdiction on claims that request a withdrawal of a tax lien or a reinstatement of exempt withholding status because the claims are not based upon a money-mandating substantive source of law. See Gregoline v. United States, 99 Fed. Cl. 161, 168 (2011) (citing Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005)). Therefore, Mr. Bishay's challenges to the tax lien are not within the Court's jurisdiction.

Finally, the Anti-Injunction Act prevents this Court from granting injunctive relief regarding IRS collection proceedings. See 26 U.S.C. § 7421; see also Schlabach v. United States, 97 Fed. Cl. 232, 234 (2011) ("The Anti-Injunction Act [] 'flatly prohibits' the grant of injunctive relief regarding IRS collection proceedings") (quoting Ledford v. United States, 297 F.3d 1378, 1381 (Fed. Cir. 2002)). To the extent that Mr. Bishay requests injunctive relief against the government when he asks the Court to "DISCHARGE [the Defendant's] Federal Tax Lien . . . and further enjoin the Defendant from attempting to collect any money from the Plaintiff on account of any taxes previously owed by [Commonwealth Auto]," Compl. at 5, ¶ 5, the Court lacks jurisdiction over his request.

## CONCLUSION

Plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**. Because the Court lacks subject-matter jurisdiction over Mr. Bishay's complaint, the government's motion to dismiss is also **GRANTED**. Mr. Bishay's complaint is therefore **DISMISSED without prejudice**. The Clerk is directed to enter judgment accordingly. Each side shall bear its own costs.

**IT IS SO ORDERED.**

_____
ELAINE D. KAPLAN
Judge